IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| PANTECH CORPORATION and<br>PANTECH WIRELESS, LLC,<br><br>   Plaintiffs<br><br>v.<br><br>LG ELECTRONICS INC. and<br>LG ELECTRONICS U.S.A., INC.,<br><br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:22-CV-00113-RWS-JBB |

**ORDER**

Before the Court are the Pantech Plaintiffs' Objections (Docket No. 164) and the LGE Defendants' Objections (Docket. No. 172) to the Magistrate Judge's Report and Recommendation (Docket No. 153) recommending that LGE's Partial Motion to Dismiss (Docket No. 18) be denied. Both sets of objections have been fully briefed. Docket Nos. 202, 206.

**BACKGROUND**

Pantech filed this patent infringement action against LGE, asserting seven patents related to smartphones and cellular communications. Docket No. 1. On its deadline to respond, LGE filed two substantive motions: (1) a Motion to Disqualify (Docket No. 15); and (2) a Partial Motion to Dismiss (Docket No. 18). In its motion to dismiss, LGE moves to dismiss Counts VI-VII of Pantech's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the asserted claims of U.S Patent No. 7,283,839 [hereinafter '839 Patent] and U.S Patent No 9,575,631 [hereinafter '631 Patent] are ineligible under 35 U.S.C. § 101. Docket No. 18 at 1.

Magistrate Judge Boone Baxter entered a Report recommending that Defendants' Partial Motion to Dismiss be denied. Docket No. 153 [hereinafter R&R]. The R&R found that the '839

Patent was not directed to an abstract idea. R&R at 11. The R&R also found that the '631 Patent was directed to an abstract idea of "controlling pre-determined functions of a first work process in a multitasking mobile terminal using a graphical tool," but factual disputes prevented the Court from ruling on the *Alice*[1] Step Two analysis regarding the '631 Patent. R&R at 20, 22–23.

When ruling on LGE's Motion to Disqualify, the Court severed the '839 Patent into a separate action that is stayed until new counsel appears. Docket No. 170. LGE's Partial Motion to Dismiss regarding the '839 Patent remains pending in that severed action. *Pantech Corporation et al v. LG Electronics, Inc. et al*, No. 5:23-CV-00091-RWS-JBB, Docket No. 3 (E.D. Tex. Sept. 1, 2023). The Court will thus address LGE's Partial Motion to Dismiss regarding the '839 Patent in that severed action. The Court addresses only LGE's Partial Motion to Dismiss regarding the '631 Patent in this Order.

As to LGE's Partial Motion to Dismiss regarding the '631 Patent, both sides filed objections to the R&R. Docket Nos. 164, 172. Pantech contends the asserted claims of the '631 pass *Alice* Step One (*i.e.*, the claims are not directed to any abstract idea), while LGE contends there are no factual disputes that prevent finding the claims fail *Alice* Step Two. *Id.*

## LEGAL STANDARD

A district court conducts a *de novo* review of any portion of a magistrate judge's report and recommendation to which any party files an objection. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). After conducting a *de novo* review, the district court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

---

[1] Referring to *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208 (2014).

## DISCUSSION

I.        **LGE's Objections**

*First*, LGE argues the R&R erroneously found that factual disputes prevent the Court from finding the '631 Patent ineligible at *Alice* Step Two at the motion to dismiss stage. Docket No. 172 at 1. LGE contends that the two claim limitations ("sequential display of icons" and "control menu") that the Magistrate Judge found could potentially provide an inventive concept are "routine and conventional computer behavior incapable of supplying an inventive concept." *Id.* at 1–2. LGE cites claim construction briefing and an expert report in support of its arguments. *Id.* at 2–3.

Pantech responds, arguing that the terms "were at least subject to a factual dispute at the motion to dismiss stage concerning whether they were well-understood, routine, and conventional." Docket No. 206 at 2. Pantech contends "there is no evidence in the record, let alone undisputed evidence, that these were well-understood, routine, and conventional aspects of a GUI for a multitasking terminal, and especially not when considered, as they must be, in the context of the surrounding claim language and ordered combination of claim limitations." *Id.*

The Magistrate Judge correctly found that factual disputes exist here that preclude finding ineligibility in *Alice* Step Two at the motion to dismiss stage. Indeed, LGE itself relies on a new argument and expert report from the claim construction process (Docket No. 172 at 2–3) and not on the pleadings or attachments to the complaint or motion to dismiss briefing. And as the Magistrate Judge found, LGE did not sufficiently address the "sequential display of icons" and "control menu" claim limitations in its motion to dismiss. R&R at 22–23.

*Second*, LGE argues that the R&R erroneously found that claim 1 of the '631 Patent was not representative of the asserted claims 3, 8, and 9. Docket No. 172 at 3. Pantech argues in response that the R&R correctly determined claim 1 was not representative of the asserted claims

at *Alice* Step Two. Docket No. 206 at 4–5. Here, the Magistrate Judge committed no error by addressing all the asserted claims at *Alice* Step Two where LGE addressed the additional limitations of claims 3, 8, and 9 in its *Alice* Step Two arguments. As Pantech points out (*id.* at 5), LGE failed to persuasively argue in its motion to dismiss briefing or in its objections that the R&R should have ignored claims 3, 8, and 9 in its *Alice* Step Two analysis.

## II.     Pantech's Objections

*First*, Pantech argues the R&R erred by finding claim 1 of the '631 Patent is directed to an abstract idea. Docket No. 164 at 2. Pantech contends that "a long line of Federal Circuit precedent concerning GUI-based solutions, sets forth a particular solution whereby a series of commands manipulate a user interface such that a first work process may be controlled without interrupting the user's ability to interact with a second work process." *Id.* According to Pantech, "key aspects of this solution include a 'sequential[] display[] [of] icons' corresponding to various 'work processes' in a designated portion of the display that allow a user to navigate to another process, and an accompanying 'control menu for controlling a predetermined function of the first work process.'" LGE argues in response that the R&R "correctly notes that the '631 patent 'concerns selecting applications via icons, albeit in a multitasking environment that includes a "control menu" for "controlling" a "predetermined function,"' and that the Federal Circuit has held that using icons (or menu items) to control software applications is abstract." Docket No. 202 (citing R&R at 18; *Uniloc USA, Inc. v. ADP, LLC*, 772 F. App'x. 890, 900 (Fed. Cir. 2019) [hereinafter *ADP*].

Here, case law exists that supports each side of the argument. But, as LGE points out, the R&R sufficiently and correctly reasoned that claim 1 of the '631 Patent is directed to an abstract idea based on the reasoning in *ADP*, 772 F. App'x. at 900. And Pantech fails to adequately address

or distinguish *ADP* in its objections. "Moreover, the [R&R] already considered and properly rejected Pantech's argument [that the claimed invention overcomes a common limitation of mobile devices,] noting, 'there is no description in the patent itself stating the invention is a "solution" to a problem "specifically arising in the realm" of mobile devices.'" (Docket No. 202 at 2 (citing R&R at 18–19)).

Pantech's citations to *Data Engine* and *Core Wireless* do not change the outcome here. Pantech contends that "the '631 Patent discloses a specific manner of manipulating a user interface so that the function of one process may be controlled with the use of a control menu while a second work process remains on the screen." Docket No. 164 at 2–3. Pantech asserts this "require[s] a specific, structured graphical user interface paired with a prescribed functionality directly related to the graphical user interface's structure that is addressed to and resolves a specifically identified problem in the prior state of the art." *Id.* at 3 (quoting *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1009-10 (Fed. Cir. 2018)). But as LGE points out, the "control menu" here is different than *Data Engine* where "the tabs were 'not merely labeled buttons or generic icons,' but 'specific structures within the three-dimensional spreadsheet environment' that provided novel benefits over existing spreadsheet programs." Docket No. 202 at 3 (citing *Data Engine*, 906 F.3d at 1011). And Pantech fails to sufficiently show that the "control menu" here improves efficiency like the "menu" in *Core Wireless* or otherwise "distinctly improves the usability of a 'multitasking mobile terminal.'" *See* Docket No. 164 at 3–4 (citing *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1359-60 (Fed. Cir. 2018); Docket No. 202 at 3–4.

Pantech further contends that the purported abstract idea that claim 1 of the '631 Patent is directed to "would capture any number of solutions that are not the solution claimed by claim 1 of

the '631 patent." Docket No 164 at 4. But that could be said for many, if not most, *Alice* Step One analyses and does not show the R&R erred in its analysis. *See also* Docket No. 202 at 4.

*Second*, Pantech argues that the R&R erred by treating claim 1 of the '631 Patent as representative of claims 3, 8, and 9 for purposes of *Alice* Step One. Docket No. 164 at 5. LGE responds, arguing that the R&R correctly found that claims 3, 8, and 9 of the '631 Patent fare no better than claim 1. Docket No. 202 at 5. LGE explains that "the added limitations of claim 3 (requiring a command to 'deactivate' a previously activated control menu), claim 8 (requiring an icon to appear as another disappears), and claim 9 (requiring an icon to be replaced with a different icon) each 'concern[] interacting with the icons or control menu in the same conventional manner as claim 1.'" *Id.*

Here, LGE's concise explanation accurately shows that the dependent claims are not of a different character than claim 1. For claim 3, Pantech asserts claim 3's limitation "adds an additional user interface manipulation." Docket No. 45 at 6. But merely adding another user interface manipulation (*e.g.*, tapping a menu for a fifth time after claim 1 requires four taps) cannot change the nature of the claim or result in a different abstract idea. And Pantech admits claims 8 and 9 "add limitations directed to . . . the solution presented in claim 1." *Id.* Thus dependent claims 3, 8, and 9 further the same concept embodied in claim 1. Therefore, the R&R correctly treated claim 1 of the '631 Patent as representative of claims 3, 8, and 9 for purposes of *Alice* Step One.

## CONCLUSION

After reviewing the briefs of the parties, the R&R, and the parties' objections, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Accordingly, for the reasons set forth above, it is

**ORDERED** that Pantech's and LGE's objections (Docket Nos. 164, 172) are **OVERRULED**. It is further

**ORDERED** that the Magistrate Judge's Report and Recommendation (Docket No. 153) is **ADOPTED**. It is further

**ORDERED** that LGE's Partial Motion to Dismiss regarding the '631 Patent (Docket No. 18) is **DENIED**. If warranted, LGE may re-raise its arguments regarding the eligibility of the '631 Patent, in the appropriate posture, following the Court's claim construction order.

LGE's Partial Motion to Dismiss regarding the '839 Patent (*Pantech Corporation et al v. LG Electronics, Inc. et al*, No. 5:23-CV-00091-RWS-JBB, Docket No. 3 (E.D. Tex. Sept. 1, 2023)) will be addressed by the Court in that severed action.

**So ORDERED and SIGNED this 26th day of September, 2023.**

*[signature]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE