# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| PANTECH CORPORATION and PANTECH WIRELESS, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>LG ELECTRONICS INC., and LG ELECTRONICS U.S.A., INC.,<br><br>*Defendants*. | Case No. 5:22-cv-00113-RWS-JBB<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS OF DEFENDANTS' INEQUITABLE CONDUCT DEFENSE, MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS' UNCLEAN HANDS DEFENSE, AND <u>REQUEST FOR ORAL ARGUMENT</u>**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1
II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ..................................1
III. STATEMENT OF UNDISPUTED FACTS .....................................................................2
IV. RELEVANT LEGAL STANDARD.................................................................................3
V. LGE'S DEFENSE OF INEQUITABLE CONDUCT FAILS ON THE PLEADINGS, OR IN THE ALTERNATIVE, ON SUMMARY JUGMENT. ...................3
    A. LGE Has Not Adequately Pled, and Cannot Prove, that Any Individual Intended to Deceive the PTO. ..............................................................................4
    B. The Reference that Was Allegedly Copied from Was Disclosed to the PTO, so Cannot Be "But-For" Material. .........................................................................6
VI. SUMMARY JUDGMENT SHOULD BE ALSO GRANTED AGAINST LGE'S DEFENSE OF UNCLEAN HANDS. ................................................................................7
VII. CONCLUSION..................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Calcar, Inc. v. Am. Honda Motor Co., Inc.*,
    768 F.3d 1185 (Fed. Cir. 2014)..................................................................................................6

*Am. GNC Corp. v. LG Elecs., Inc.*,
    No. 17-CV-01090-BAS-BLM, 2018 WL 400346 (S.D. Cal. Jan. 12, 2018) ...........................8

*Capella Photonics, Inc. v. Infinera Corp.*,
    No. 2:20-CV-00077-JRG, 2021 WL 765084 (E.D. Tex. Feb. 26, 2021) .................................3

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009)........................................................................................3, 4, 5

*Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*,
    350 F.3d 1327 (Fed. Cir. 2003)..................................................................................................3

*In re LG Elecs. Inc.*,
    No. 2023-148, Doc. 30 (Fed. Cir. Dec. 26, 2023) ....................................................................8

*Regeneron Pharm., Inc. v. Merus N.V.*,
    864 F.3d 1343 (Fed. Cir. 2017)..................................................................................................6

*Sprint Comm'ns Co. L.P. v. Charter Comm'ns, Inc.*,
    No. 17-1734-RGA, 2021 WL 982726 (D. Del. Mar. 16, 2021) ...............................................8

*Therasense, Inc. v. Becton, Dickinson & Co.*,
    649 F.3d 1276 (Fed. Cir. 2011)..................................................................................................6

**I.     INTRODUCTION**

In its Answer, LGE insufficiently pled a defense of inequitable conduct. LGE's theory is that one or all of 15 individuals, plus perhaps some other unidentified individuals at a law firm, copied material from a telecommunications standards document, without attribution, into the written description of the asserted '486 patent. When Pantech propounded an interrogatory on the defense, LGE parroted back its Answer. LGE otherwise did little to develop its defense. It only deposed 2 of the 15 individuals—the named inventors—and did not include any of the others in its trial witness list. LGE's expert who opined on these issues claimed the named inventors did not know about the alleged copying. Further, it is undisputed that the applicants disclosed the allegedly cribbed-from standards document to the PTO during prosecution, which treated it as prior art. Thus, LGE cannot prove intent to deceive or materiality.

LGE also pled a defense of unclean hands, premised on: (1) LGE's repeatedly failed attempts to disqualify Mayer Brown; or, alternatively (2) the same deficient facts underlying LGE's inequitable conduct defense.

LGE should have dropped these defenses long ago, but apparently wishes to sling mud at Pantech and complicate this case. The Court should accordingly grant summary judgment of no inequitable conduct or unclean hands.

**II.    STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

1.     Can LGE carry its burden to prevail on its defense of inequitable conduct against the '486 Patent?

2.     Can LGE carry its burden to prevail on its defense of unclean hands?

### III.   STATEMENT OF UNDISPUTED FACTS

1. LGE raises an affirmative defense of inequitable conduct "committed by Pantech and/or the prior assignees of the Patents-in-Suit while prosecuting the '486 Patent." *See* Dkt. 214 at ¶ 196; *see also id.* at ¶¶ 196-200.

2. LGE alleges that "the applicant knowingly copied portions of 3GPP technical specifications into the patent application leading to the '486 Patent with the specific intent to mislead the EPO and the United States Patent and Trademark Office ('USPTO') to grant the '486 Patent" and "[b]ut for the applicants' knowing copying of text, the USPTO would not have granted the '486 Patent." *See id.*

3. LGE's Answer and Defenses lists the named inventors of the '486 Patent, prosecuting counsel, and employees of InterDigital as individuals who may have "copied Figure 17 from 3GPP TS 25.212 v5.1.0 into the application leading to the '486 Patent as Fig.10." *See id.* at ¶ 197.

4. LGE alleges that "[f]or example, had applicants properly disclosed that Figure 10 is prior art from a 3GPP technical specification, the examiner would have rejected the claims under 35 U.S.C. § 102 and 103 as anticipated and rendered obvious by TS 25.212 v5.1.0 alone or in view of other prior art." *See id.* at ¶ 199.

5. The applicants disclosed 3GPP technical specification 25.212 v5.1.0 in their Information Disclosure Statement ("IDS") filed on July 16, 2014 with the PTO. *See* Ex. 1 ('486 Patent IDS) at 2.

6. LGE further raises an affirmative defense of unclean hands, which LGE bases on its Motion to Disqualify Mayer Brown LLP and the facts underlying its inequitable conduct defense. *See* Dkt. 214 at ¶¶ 193-95.

## IV. RELEVANT LEGAL STANDARD

The standard for summary judgment under Federal Rule of Civil Procedure 56 is undoubtedly well-known to this Court, so Pantech focuses this legal standard section on the particular legal doctrines presented by this motion.

Inequitable conduct is subject to Rule 9's heighten pleading standard. *See Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003). "[T]o plead the 'circumstances' of inequitable conduct with the requisite 'particularity' under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009). Indeed, a defendant "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328-29. "Intent and materiality are separate requirements, and both must be proven independently to establish inequitable conduct." *Capella Photonics, Inc. v. Infinera Corp.*, No. 2:20-CV-00077-JRG, 2021 WL 765084, at *2 (E.D. Tex. Feb. 26, 2021).

## V. LGE'S DEFENSE OF INEQUITABLE CONDUCT FAILS ON THE PLEADINGS, OR IN THE ALTERNATIVE, ON SUMMARY JUGMENT.

LGE cannot carry its burden to prevail on its defense of inequitable conduct. Specifically, LGE has not met the pleading standard for inequitable conduct as to pleading specific facts of an individual's intent to defraud the USPTO. Nor has LGE done anything to develop evidence that could support any finding that any individual intended to deceive the PTO. Nor can LGE meet the threshold requirement of "but for" materiality. Thus, LGE's defense fails on both the intent and materiality prongs.

### A. LGE Has Not Adequately Pled, and Cannot Prove, that Any Individual Intended to Deceive the PTO.

In its Answer, LGE lumps 15 individuals, plus other unidentified "prosecuting counsel," into a sweeping accusations of copying:

> Specifically, Philip J. Pietraski and Gregory S. Sternberg, the named inventors of the '486 Patent, and/or C. Frederick Koenig, III, John C. Donch Jr., Scott Wolinksy, Robert D. Leonard, Christina R. Walsh, Jonathan G. Lombardo, Wesley T. McMichael, Rama B. Nath, Christina Walsh, Jonathan G. Lombardo, and Jeffrey M. Glabicki, prosecuting counsel at Volpe and Koenig, P.C. as applicants' agent, **and/or** Christos A. Ionnidi and Kim Chotkowski of InterDigital, copied Figure 17 from 3GPP TS 25.212 v5.1.0 into the application leading to the '486 Patent as Fig. 10.

Dkt. 214 ¶ 197 (emphasis added, figures omitted).

Three paragraphs later, LGE again provides a sweeping accusation that the same people, including unidentified "prosecuting counsel," "concealed their copying:"

> Philip J. Pietraski and Gregory S. Sternberg, the named inventors of the '486 Patent, and/or C. Frederick Koenig, III, Christos A . Ionnidi, Kim Chotkowski, John C. Donch Jr., Scott Wolinksy, Robert D. Leonard, Wesley T. McMichael, Rama B. Nath, Christina Walsh, Jonathan G. Lombardo, and Jeffrey M. Glabicki,, prosecuting counsel at Volpe and Koenig, P.C. as applicants' agent, **and/or** Christos A. Ionnidi, Kim Chotkowski of InterDigital, therefore concealed their copying of Fig. 17 from TS 25.212 v5.1.0 and associated passages to secure allowance of the '486 Patent.

*Id*. ¶ 200 (emphasis added).

LGE's pleading fails the Rule 9 pleading standards, under *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009), which "requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." LGE does not sufficiently plead the "who," let alone tie the "who" to the "what" or "how."

Each of LGE's allegations of copying and concealment allegations identifies people both conjunctively and disjunctively ("and/or"). LGE fails to specifically allege who intended to

4

deceive the PTO, but rather sweepingly alleges that "applicants" had "the specific intent to mislead" the PTO. *Id.* ¶ 196. LGE failed to include any allegation purporting to specifically identify any individual who knew that the EPO rejected the European counterpart application and who was also involved with the US prosecution of the '486 Patent. LGE failed to include an allegation purporting to identify what individuals were specifically involved with the EPO prosecution of the counterpart patent, and what individuals were involved with the US prosecution of the '486 Patent. *See, e.g.*, *Exergen Corp.,* 575 F.3d at 1330 ("Thus, one cannot assume that an individual, who generally knew that a reference existed, also knew of the specific material information contained in that reference.").

The only other disclosure that LGE provided during fact discovery regarding its inequitable conduct defense was in response to Pantech's interrogatories. However, there, LGE failed to provide any additional, meaningful information beyond what LGE alleged in its Answer. *See* Ex. 3 (LGE's Fifth Supp. Rog. Resp.) at 99-102, 111-12, 126-127. It is now too late for LGE to assert any facts or positions that it did not disclose during fact discovery.

LGE's technical expert for the '486 Patent, Dr. Hochwald, who opined on inequitable conduct and the alleged copying issues in his invalidity expert report, further shut the door on LGE's defense. *See, e.g.*, Ex. 4 (Hochwald Rpt.) at ¶¶ 406-413. At deposition, he could not name an individual who he believed copied material from TS 25.212 without attribution. Ex. 5 (Hochwald Dep. Tr.) at 53:7-23. Rather, he testified that he "ha[s] no opinion on who did" the copying. *Id.* at 53:24-54:4. Nor could he identify any individual who both knew about the EPO's rejection and was later involved with the prosecution of the '486 patent. *Id.* at 57:20-58:3.

The only individuals that LGE accused of copying and concealment, and who were deposed, were the named inventors of the '486 patent, Philip J. Pietraski and Gregory S. Sternberg.

5

However, Dr. Hochwald confirmed at his deposition that, in his opinion, the inventors did not know where the allegedly copied material came from. *Id*. at 53:12-23. That is what Dr. Hochwald also stated in his report. *See* Ex. 4 (Hochwald Rpt.) at ¶ 353. Thus, according to LGE's own positions in this case, the named inventors could not have intentionally copied, without attribution, any material from TS 25.212, so could have not intended to deceive the PTO.

Fact discovery is closed. LGE cannot obtain or use testimony from any of the other individuals that it accuses of copying and concealment. In its Trial Witness List, served May 9, 2024 per the operative Docket Control Order (Dkt. 246 at 4), LGE did not identify any of the individuals it accuses of copying and concealment, besides the deposed inventors. *See generally* Ex. 6 (LGE's Trial Witness List).

**B.    The Reference that Was Allegedly Copied from Was Disclosed to the PTO, so Cannot Be "But-For" Material.**

"The first step in an inequitable conduct inquiry is determining whether the patentee failed to disclose but-for material information to the PTO." *Regeneron Pharm., Inc. v. Merus N.V.*, 864 F.3d 1343, 1351 (Fed. Cir. 2017). LGE's inequitable conduct defense fails here too.

LGE bases its inequitable conduct defense on a failure to provide information to the PTO, rather than an affirmative misrepresentation. Thus here, inequitable conduct must be predicated on "an applicant *fail[ing] to disclose prior art* to the PTO." *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1291 (Fed. Cir. 2011) (emphasis added). The materiality inquiry therefore focuses on whether "undisclosed prior art is 'but-for material if the PTO would not have allowed a claim had it been aware of' it." *See Am. Calcar, Inc. v. Am. Honda Motor Co., Inc.*, 768 F.3d 1185, 1189 (Fed. Cir. 2014) (quoting *Therasense*, 649 F.3d at 1291)). Here, however, the Court need not even determine whether the alleged prior art is "but-for material" because Pantech disclosed the alleged prior art to the PTO.

LGE alleges passages "were copied from 3GPP TS 25.212 v5.1.0" into the '486 Patent's specification (*see* Dkt. 214 at ¶ 199) and that "[b]ut for the applicants' knowing copying of text, the USPTO would not have granted the '486 Patent." *See* Dkt. 214 at ¶ 196. However, the applicants made the PTO aware of 3GPP TS 25.212 version 5.1.0, including multiple other versions, through the applicants' Information Disclosure Statement ("IDS"). *See* Ex. 1 at 2 ('486 Patent IDS) (listing "Universal Mobile Telecommunications System (UMTS); Multiplexing and channel coding (FDD); (3GPP TS 25.212 version 5.1.0 Release 5)," ETSI TS 125 212 V5.1.0 (June 2002); *see also id.* at 2-3 (disclosing versions 6.1.0, 5.2.0, 5.4.0, and 5.6.0).

The applicants of the '486 Patent fulfilled their "duty to disclose all information known to be material to patentability," by citing TS 25.212 v5.1.0 in their IDS. *See* 37 C.F.R. § 1.56(a).[1] Certainly a *disclosed* reference is not but-for material.

For this additional reason, LGE cannot meet its burden to prevail on its defense of inequitable conduct.

## VI.   SUMMARY JUDGMENT SHOULD BE ALSO GRANTED AGAINST LGE'S DEFENSE OF UNCLEAN HANDS.

LGE raises an additional defense of unclean hands. *See* Dkt. 214 at ¶¶ 193-95. LGE predicates this defense on, alternatively: (a) its unsuccessful motion to disqualify Pantech's counsel for the remaining Asserted Patents (*see id.* at ¶ 193); or (b) its deficient inequitable conduct allegations. *Compare id.* at ¶ 194 (discussing LGE's unclean hands defense) *with id.* at ¶ 199 (discussing LGE's inequitable conduct defense).

---

[1] LGE also takes issue with the applicants failing to "amend the specification [of the '486 Patent] to state that Fig. 10 or any other portion of the specification is prior art or that it was copied from a 3GPP technical specification." *See* Dkt. 214 at ¶ 199. However, there is no affirmative duty to do so. *See generally* 37 C.F.R. § 1.56(a) (duty of candor is satisfied by disclosure in an IDS).

7

First, the Court found that Pantech's counsel should not be disqualified for the six remaining Asserted Patents in this case. *See generally* Dkt. Nos. 102, 160. Further, the Federal Circuit denied LGE's writ of mandamus, which LGE incorporated by reference into its unclean hands defense. *See* Dkt. 214 at ¶ 193; *see also In re LG Elecs. Inc.*, No. 2023-148, Doc. 30 (Fed. Cir. Dec. 26, 2023) (attached as Ex. 2). Accordingly, LGE's failed attempts to disqualify Pantech's counsel cannot serve as the basis of a successful unclean hands defense.

LGE predicates its second, alternative basis for its unclean hands defense on its inequitable conduct allegations. However, "at a minimum, establishing unclean hands requires proof of inequitable conduct." *See Am. GNC Corp. v. LG Elecs., Inc.*, No. 17-CV-01090-BAS-BLM, 2018 WL 400346 at *2 n2 (S.D. Cal. Jan. 12, 2018) (citing *Consol. Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 810 (Fed. Cir. 1990)). "Because LGE's proposed [nineteenth] defense is expressly premised on the same allegations underlying the inequitable conduct defense…it rises and falls based on those allegations." *See id.* at *2 n2 (quotations omitted). Thus, LGE's unclean hands defense fails. *See Sprint Comm'ns Co. L.P. v. Charter Comm'ns, Inc.*, No. 17-1734-RGA, 2021 WL 982726, at *12 (D. Del. Mar. 16, 2021) ("Defendants' unclean hands defense rests on the same evidence and arguments that supported their arguments against summary judgment on inequitable conduct….Therefore, the motions for summary judgment on inequitable conduct and … unclean hands … rise or fall together.").

## VII. CONCLUSION

For the reasons herein, Pantech respectfully requests that summary judgment against LGE's defenses of inequitable conduct and unclean hands be granted. Pantech also respectfully requests oral argument on all issues discussed herein.

Dated: May 16, 2024                                            Respectfully submitted,

/s/ *James A. Fussell, III*
Geoffrey Culbertson
Kelly Tidwell
PATTON TIDWELL & CULBERTSON, LLP
2800 Texas Blvd. (75503)
Post Office Box 5398
Texarkana, TX 75505-5398
(P) (903) 792-7080
(F) (903) 792-8233
gpc@texarkanalaw.com
kbt@texarkanalaw.com

James A. Fussell, III
Jamie B. Beaber
Saqib J. Siddiqui
Tiffany A. Miller
Baldine Paul
Clark S. Bakewell
Tariq Javed
Seth W. Bruneel
Courtney M. Krawice
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000
jbeaber@mayerbrown.com
jfussell@mayerbrown.com
ssiddqui@mayerbrown.com
tmiller@mayerbrown.com
bpaul@mayerbrown.com
cbakewell@mayerbrown.com
tjaved@mayerbrown.com
sbruneel@mayerbrown.com
ckrawice@mayerbrown.com

Graham (Gray) M. Buccigross
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
(650) 331-2000
gbuccigross@mayerbrown.com

Gregory J. Apgar
MAYER BROWN LLP
1221 Avenue of the Americas

New York, NY 10020
(212) 506-2500
gapgar@mayerbrown.com

Luiz Miranda
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
lmiranda@mayerbrown.com

*Counsel for Plaintiffs Pantech Corporation and Pantech Wireless, LLC*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 16th day of May, 2024.

                                          */s/ Courtney M. Krawice*
                                           Courtney M. Krawice