IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| PANTECH CORPORATION and PANTECH WIRELESS, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>LG ELECTRONICS INC., and LG ELECTRONICS U.S.A., INC.,<br><br>*Defendants*. | Case No. 5:22-cv-00113-RWS-JBB<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' FOURTEENTH AFFIRMATIVE DEFENSE OF FRAND LIMITATION AND REQUEST FOR ORAL ARUGMENT**

## TABLE OF CONTENTS

Page

I. STATEMENT OF THE ISSUES ...................................................................................... 1
II. STATEMENT OF UNDISPUTED MATERIAL FACTS .................................................. 1
III. LEGAL STANDARD ........................................................................................................ 2
IV. ARGUMENT ..................................................................................................................... 3
    A. LGE has failed to present any proof that the Asserted SEPs are essential. ............. 3
    B. LGE has failed to present any evidence of a contract. ............................................ 5
    C. LGE has failed to present any evidence that Pantech breach a contract. ................ 7
V. CONCLUSION .................................................................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allis-Chalmers Corp. v. Lueck*,
    471 U.S. 202, 218 (1985)..................................................................................................6

*B. Braun Medical, Inc. v. Abbott Labs.*,
    124 F.3d 1419 (Fed. Cir. 1997).........................................................................................4

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
    No. 2:13-CV-1112-JRG, 2015 WL 11089750 (E.D. Tex. Aug. 10, 2015).......................2

*DP Aviation v. Smiths Industries Aerospace and Defense Systems Ltd.*,
    268 F.3d 829 (9th Cir. 2001) ............................................................................................2

*Microsoft Corp. v. Motorola, Inc.*,
    795 F.3d 1024 (9th Cir. 2015) ..........................................................................................5

*Microsoft Corp. v. Motorola, Inc.*,
    854 F.Supp.2d 993 (W.D. Wash. 2012)............................................................................6

*In re Omeprazole Patent Litig.*,
    483 F.3d 1364 (Fed. Cir. 2007).........................................................................................5

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*,
    324 U.S. 806 (1945)..........................................................................................................5

*Therasense, Inc. v. Becton, Dickinson & Co.*,
    649 F.3d 1276 (Fed. Cir. 2011).........................................................................................5

**Other Authorities**

Fed. R. Civ. P. 44.1 ...............................................................................................................2, 6, 7

Fed. R. Civ. P. 56(a) ......................................................................................................................2

King Fung Tsang & Jyh-An Lee, *Unfriendly Choice of Law in FRAND*, 59 Va. J.
    Int'l L. 220, 263 (2019)....................................................................................................5

Pantech Corporation and Pantech Wireless LLC (collectively, "Pantech") respectfully move for summary judgment on LG Electronics, Inc. and LG Electronics U.S.A., Inc.'s (collectively, "LGE") fourteenth affirmative defense—the FRAND limitation. The crux of the matter is simple: LGE has not put forth any evidence to back up its claim. To mount a successful defense, LGE must demonstrate three key points: first, that the patents at the heart of this dispute are indeed standard essential; second, that Pantech is bound by a contractual duty to license these patents on terms that are fair, reasonable, and non-discriminatory, commonly abbreviated as FRAND; and third, that Pantech has somehow failed to honor this duty in their dealings with LGE. Pantech is entitled to judgment as a matter of law on LGE's FRAND defense, which should be dismissed with prejudice.

## I.   STATEMENT OF THE ISSUES

1. Whether LGE can maintain its FRAND defense when neither party has requested a finding of essentiality.

2. Whether LGE can maintain its FRAND defense when it has presented no evidence that Pantech has a contractual obligation to license its patents on FRAND terms.

3. Whether LGE can maintain its FRAND defense when it has presented no evidence that Pantech has breach any obligation owed to LGE.

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Pantech asserts five patents alleged to be standard essential (the "Asserted SEPs") in this action: U.S. Patent Nos. 9,136,924 (the "'924 Patent"), 9,854,545 (the "'545 Patent"), 10,869,247 (the "'247 Patent"), 9,313,809 (the "'809 Patent"), and 9,065,486 (the "'486 Patent"). *See* Dkt. 1 (Compl.) at ¶ 13.

2. While Pantech maintains and asserts that the Asserted SEPs are essential, Pantech has not requested a finding that its Asserted SEPs are essential, and essentiality is not dispositive of any claim or defenses of Pantech. *See generally* Dkt. 1.

3. In its operative Answer, LGE asserted an affirmative "FRAND limitation" defense alleging that "Pantech's claims are barred, or its relief limited, by its violation of its obligation to negotiate in good faith towards, and to license the Patents-in-Suit on fair, reasonable, and non-discriminatory terms pursuant to the applicable standard setting organizations' intellectual property policies[]" and "Despite Pantech and the prior assignees of the Patents-in-Suit committing to license their patents on FRAND terms, Pantech and the prior assignees of the Patents-in-Suit have not offered LG a license to the Patents-in-Suit on FRAND terms." Dkt. 214 (Answer) at ¶¶ 184-85.

4. LGE has not produced any evidence that the Asserted SEPs are essential, that Pantech has a contractual obligation to license the patents on FRAND terms, or that Pantech has breached that obligation as to LGE.

5. LGE has not provided notice pursuant to FRCP 44.1 of its intention to raise an issue of foreign law.

### III.  LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment." *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-1112-JRG, 2015 WL 11089750, at *1 (E.D. Tex. Aug. 10, 2015).

## IV. ARGUMENT

LGE bears the burden to prove its FRAND defense, including proving by a clear and convincing evidence that each patent was and remains essential as that term is defined by ETSI, that Pantech has a contractual obligation to license the patents on FRAND terms, and that Pantech has breached that obligation as to LGE. As a matter of law, LGE cannot meet its burden here because: (1) LGE has failed to present any proof that the Asserted SEPs are essential, and the issue of infringement (with a low burden of proof) does not required a finding that the patents are essential; (2) LGE has failed to present any evidence that a contract exists; and (3) LGE has failed to present any evidence that Pantech breached an obligation owed to LGE.

### A. LGE has failed to present any proof that the Asserted SEPs are essential.

To assert a FRAND defense, LGE must first show that the Asserted SEPs are essential, meaning that "it is not possible on technical (but not commercial) grounds, taking into account normal technical practice and the state of the art generally available at the time of standardization, to make, sell, lease, otherwise dispose of, repair, use or operate EQUIPMENT or METHODS which comply with a STANDARD without infringing that IPR." *See, e.g.,* Ex. 1 (ETSI Rules of Procedure, Annex 6) at 42. LGE has not produced any evidence to support this element of its defense. LGE has not identified any standard, work item, or technical specification that allegedly requires the use of the Asserted SEPs, nor has it provided any expert testimony, claim charts, or other analysis to demonstrate that the Asserted SEPs are essential to any such standard, work item, or technical specification. More importantly, LGE has denied that the Asserted SEPs are essential.

Moreover, review of the particular language used in a FRAND commitment is important. In the undertakings at issue here, Pantech's predecessors agreed that they would be prepared to license the identified IPRs on FRAND terms and conditions to the extent an IPR actually remains

3

essential to the standard at issue. They submitted specific declarations for the Asserted SEPs stating that they were "prepared to grant irrevocable licenses under the IPRs on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy, in respect of the STANDARD, to the extent that the IPRs remain ESSENTIAL." *See, e.g.,* Ex. 2 (Pantech Co., Ltd.'s IPR Information Statement and Licensing Declaration to ETSI) (declaring KR Application 2011-0008683, related to the '545 Patent, as essential to TS 36.321).

Thus, Pantech's declarations to ETSI merely establish that Pantech **may** have FRAND obligations here to the extent the Asserted SEPs are currently essential. Yet, LGE, and its experts, have repeatedly and unequivocally argued that Pantech's patents are not in fact essential. *See, e.g.,* Ex. 3 (LGE's Fifth Supp. Resp. to Rog No. 6) ("LGE is also not liable for willful infringement, because the Patents-in-Suit are invalid, *not essential to the relevant standards*, and/or not infringed.") (emphasis added). And although Pantech disagrees (and has maintained that the patents are in fact essential throughout this case), whether or not the patents are truly essential to the standard is not at issue in this case since Pantech's claims do not require the jury (or the Court) to reach the separate issue of essentiality.

And even if the Court were to determine that Pantech's infringement allegations hinge on a jury's finding of essentiality, such a finding would be based on Pantech's lower burden of proof (substantial evidence) that does not rise to the level of clear and convincing evidence that LGE must establish to prove its FRAND defense. Though LGE has not presented or established the burden of proof, the requested remedy, that "Pantech's claims are barred" (*see* Dkt. 214 (LGE's Answer) at ¶ 184), equates to unenforceability. Unenforceability is an equitable remedy that arises as an extension of the doctrine of unclean hands, "whereby a court of equity will not lend its support to enforce a patent that has been misused." *See, e.g., B. Braun Medical, Inc. v. Abbott*

4

*Labs.*, 124 F.3d 1419, 1427 (Fed. Cir. 1997) (discussing the rationale for unenforceability in the context of patent misuse); *accord Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945) (discussing inequitable conduct as an extension of the maxim "he who comes into equity must come with clean hands"). Thus, LGE's must establish its affirmative defense based on the clear and convincing evidence standard. *See In re Omeprazole Patent Litig.*, 483 F.3d 1364, 1374 (Fed. Cir. 2007) (applying clear and convincing standard with respect to unclean hands); *see also Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287–90 (Fed. Cir. 2011) (concluding that inequitable conduct should be established by clear and convincing evidence because it "emerged from unclean hands").

At bottom, LGE has failed to meet its burden to prove that the Asserted SEPs are essential, which is a necessary predicate for its FRAND defense. The Court should grant summary judgment in favor of Pantech on this issue.

### B. LGE has failed to present any evidence of a contract.

To assert a FRAND defense, LGE must show that Pantech has a contractual obligation to license the Asserted SEPs on FRAND terms. *See, e.g., Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1040 (9th Cir. 2015) (explaining that a similar case was "not a patent law action" but a breach-of-contract case). LGE has not produced any evidence to support this element of its defense nor as it identified what jurisdiction's laws it is applying. *See* King Fung Tsang & Jyh-An Lee, *Unfriendly Choice of Law in FRAND*, 59 Va. J. Int'l L. 220, 263 (2019) ("International elements present in FRAND-related litigations therefore call for choice-of-law analysis as a threshold question.") (attached hereto as Ex. 4). And assuming LGE is applying French law, LGE has not identified any provision of French law that creates or defines such a contractual obligation, nor has it provided any expert testimony, legal authority, or other analysis to demonstrate that Pantech's

5

declarations to ETSI constitute binding contracts under French law. LGE's damages expert, Dr. Perryman, who arguably provides high-level background in his report regarding the ETSI IPR policy, even admits he is "not an expert in French law." *See* Ex. 5 (Perryman Reb. Rpt.) at ¶ 54.

Moreover, LGE has not identified what the specific obligations may be that flow from Pantech's FRAND declarations. Before a party can prove a breach of an alleged FRAND obligation, it must prove what the obligation is. In this case, such proof would require an interpretation of Pantech's written FRAND declarations. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 218 (1985) ("Because the right asserted not only derives from the contract, but is defined by the contractual obligation of good faith, any attempt to assess liability here inevitably will involve contract interpretation."). But LGE failed to present any evidence as to the proper legal interpretation of the FRAND declarations at issue in this case. As one district court has stated, a "lack of briefing under the applicable law" leaves the tribunal "to guess at, among other things, which choice of law governs the [FRAND] policies, whether the policies are ambiguous, [and] whether review of extrinsic evidence is appropriate in interpreting the policies." *See Microsoft Corp. v. Motorola, Inc.*, 854 F.Supp.2d 993, 1000-01 (W.D. Wash. 2012). LGE cannot prevail on its FRAND defense here when it, similarly, did not provide any evidence on such issues.

Therefore, LGE has failed to meet its burden to prove that Pantech has a contractual obligation to license the Asserted SEPs on FRAND terms, which is a necessary predicate for its FRAND defense. The Court should grant summary judgment in favor of Pantech on this issue.

Alternatively, if the Court finds that there is a genuine dispute of material fact as to the content or application of foreign law, the Court should make a finding under Federal Rule of Civil Procedure 44.1 that LGE has failed to provide sufficient notice of its intention to raise an issue of foreign law, and that Pantech would be prejudiced by LGE's failure. Rule 44.1 provides that "[a]

party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. Fed. R. Civ. P. 44.1. The purpose of this rule is to enable the court and the parties to obtain relevant materials and information on foreign law and to determine whether expert testimony is needed. *Id*. at Advisory Committee Notes (citing *Azarax, Inc. v. Syverson*, 990 F.3d 648, 652-53 (8th Cir. 2021); *DP Aviation v. Smiths Industries Aerospace and Defense Systems Ltd*., 268 F.3d 829, 846, 848 (9th Cir. 2001)). LGE has not given any notice of its intention to raise an issue of foreign law in its pleadings or other writings, nor has it provided any relevant materials or information on any foreign law to the Court or to Pantech. LGE's failure to do so has deprived Pantech of the opportunity to prepare and respond to LGE's FRAND defense, and has prejudiced Pantech's ability to present its case. The Court should exercise its discretion under Rule 44.1 to exclude LGE's FRAND defense based on LGE's failure to provide notice of foreign law.

### C. LGE has failed to present any evidence that Pantech breach a contract.

To assert a FRAND defense, LGE must also show that Pantech has breached its contractual obligation to license the Asserted SEPs on FRAND terms as to LGE. LGE has not produced any evidence to support this element of its defense. LGE has not identified any contract between Pantech and LGE that governs the licensing of the Asserted SEPs, nor has it provided any evidence of the terms, conditions, or performance of such a contract. Nor has LGE provided any evidence of any breach. Additionally, LGE has not identified what jurisdiction's laws apply in interpreting if there was a breach, material or otherwise.

Therefore, LGE has failed to meet its burden to prove that Pantech has breached its contractual obligation to license the Asserted SEPs on FRAND terms as to LGE, which is a necessary predicate for its FRAND defense. The Court should grant summary judgment in favor of Pantech on this issue. Alternatively, the Court should exercise its discretion under Rule 44.1 to

exclude LGE's FRAND defense based on LGE's failure to provide notice of foreign law as discussed above.

## V. CONCLUSION

For the foregoing reasons, Pantech respectfully requests that the Court grant summary judgment in favor of Pantech on LGE's FRAND defense and dismiss the defense with prejudice. Pantech also respectfully requests oral argument on all issues discussed herein.

Dated: May 16, 2024                         Respectfully submitted,

/s/ James A. Fussell, III
Geoffrey Culbertson
Kelly Tidwell
PATTON TIDWELL & CULBERTSON, LLP
2800 Texas Blvd. (75503)
Post Office Box 5398
Texarkana, TX 75505-5398
(P) (903) 792-7080
(F) (903) 792-8233
gpc@texarkanalaw.com
kbt@texarkanalaw.com

James A. Fussell, III
Jamie B. Beaber
Saqib J. Siddiqui
Tiffany A. Miller
Baldine Paul
Clark S. Bakewell
Tariq Javed
Seth W. Bruneel
Courtney M. Krawice
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000
jbeaber@mayerbrown.com
jfussell@mayerbrown.com
ssiddqui@mayerbrown.com
tmiller@mayerbrown.com
bpaul@mayerbrown.com

8

cbakewell@mayerbrown.com
tjaved@mayerbrown.com
sbruneel@mayerbrown.com
ckrawice@mayerbrown.com

Graham (Gray) M. Buccigross
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306
(650) 331-2000
gbuccigross@mayerbrown.com

Gregory J. Apgar
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
gapgar@mayerbrown.com

Luiz Miranda
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
lmiranda@mayerbrown.com

*Counsel for Plaintiffs Pantech Corporation and Pantech Wireless, LLC*

## **CERTIFICATE OF SERVICE**

   The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 16th day of May 2024.

              */s/ Courtney M. Krawice*
              Courtney M. Krawice